## 19645

John E. BOURNE, Jr., as Mayor of the City of North Charleston and citizens thereof, Appellant, v. J. Mitchell GRAHAM, Chairman, et al., Respondents.

(197 S. E. (2d) 674)

*James E. Gonzales, Esq.,* of Charleston Heights, *for Appellant,*

*Messrs. Barnwell, Whaley, Stevenson* and *Patterson,* of Charleston, and *Daniel R. McLeod, Atty. Gen.,* of Columbia, *for Respondents,*

*James E. Gonzales, Esq.,* of Charleston Heights, *for Appellant,* in Reply.

June 26, 1973.

Moss, Chief Justice:

The city of North Charleston was issued a charter of incorporation by the Secretary of State on June 12, 1972, in accordance with the decision of this Court in the case of *Brisben v. Thornton,* 258 S. C. 524, 189 S. E. (2d) 827. Thereafter, the City Council enacted an ordinance establishing a municipal court pursuant to and clothed with all the powers, authority and jurisdiction conferred by Sections 15-1002, *et seq.* of the Code of Laws of the State of South Carolina for 1962, as amended.

The City of North Charleston comprises an area of approximately 6.5 square miles, lying within that portion of Charleston County generally and locally known as the "North Area," such North Area being that portion of

Charleston County lying north of the City of Charleston between the Ashley and Cooper Rivers.

Prior to the incorporation of the City of North Charleston, and presently, the North Area was and is served by three magistrates, all of whom have district-wide jurisdiction pursuant to Sec. 43-644 of the Code, as amended in 1969 by Act No. 41 of the Acts of the General Assembly, 56 Stats. 44. Upon the establishment of the municipal court, the City of North Charleston, through its council, asserted that such municipal court had exclusive jurisdiction of all criminal offenses occurring or arising within the corporate limits of the city, which were theretofore and normally within the jurisdiction of the several magistrates. At the time of the commencement of this action, the Charleston County Police Department and the Highway Patrol provided the only law enforcement within the new city. The City Council demanded of the County Council of Charleston County that it instruct the County Police to prosecute all magisterial cases occurring within the corporate limits of the said city in the municipal court thereof, rather than before the several magistrates. This demand was refused.

This action was instituted by John E. Bourne, Jr., "as Mayor of the City of North Charleston and citizens thereof", the appellant herein, against the members of County Council of Charleston County and the three magistrates of the County of Charleston within whose territorial jurisdiction or district the City of North Charleston lies. It was alleged in the petition,

"That Section 15-1002 *et seq.* confers exclusive jurisdiction upon the Recorders Court to try all misdemeanors committed within the Corporate limits of the City of North Charleston wherein the punishment does not exceed One Hundred ($100.00) Dollars or thirty (30) days, whether in violation of State statute, or common law," and that the several magistrates no longer had jurisdiction of any such cases by virtue of the creation of the municipal court.

The appellant prayed for the issuance of a temporary order enjoining the County Council of Charleston County from instructing or allowing the police officers of said county to prosecute in the magistrate's court of the county violations of the laws occurring or arising within the corporate limits of the City of North Charleston. Alternatively, it was asked that a Writ of Prohibition be issued directing the magistrates of Charleston County to cease and desist from trying, hearing or disposing of any cases involving the violation of the criminal laws of the State occurring or arising within the corporate limits of said city.

Based upon the aforesaid petition, the Honorable Theodore D. Stoney, Judge of the Charleston County Court, issued a temporary restraining order and an alternative Writ of Prohibition granting the relief sought, but providing that the Recorder of the City of North Charleston maintain a separate docket for offenses prosecuted by the county police arising within the corporate limits of the City of North Charleston and pay over all fine monies collected to the County Clerk of Court, to be held subject to the further order of the court. The respondents duly made a return to the said petition and, thereafter, the matter was heard on the merits and the Judge of the County Court vacated the temporary restraining order and alternative Writ of Prohibition and denied the relief requested by the appellant. This appeal followed.

The single question for decision here is whether or not the Municipal Court of the City of North Charleston has exclusive jurisdiction over all violations of the criminal laws of the State occurring or arising within the corporate limits of said city, which would ordinarily be within the jurisdiction of a Magistrate's Court.

Appellant's claim of exclusive jurisdiction is predicated upon Code Section 15-1010 of the 1962 Code, which reads as follows:

"Jurisdiction.—Such municipal court shall have jurisdiction to try and determine all cases arising under the ordi-

nances of the city in which the court is established and generally shall have all such judicial powers and duties as are now conferred upon the mayor of such city, either by its charter or by the laws of this State. The municipal court shall also have all such powers, duties, and jurisdiction in criminal cases as are now conferred by law upon the magistrates appointed and commissioned for the county in which the court is established, except that such court shall not have the authority of a magistrate to appoint a constable."

More specifically, the claim is predicted upon the second sentence of the quoted section, it not being contended that the first sentence thereof does confer such exclusive jurisdiction. Appellant points to the fact that the three magistrates in the North Area were clothed with exclusive jurisdiction within their district; that is to the exclusion of other magistrates within the county, who likewise had exclusive jurisdiction within their respective districts. Placing emphasis upon the words "all" and "jurisdiction" in the second sentence of Sec. 15-1010, he then seems to argue that these words when applied to magistrates for the County of Charleston of necessity embraced and included the exclusive jurisdiction enjoyed by the magistrates within the area and that upon the creation of the municipal court of North Charleston its jurisdiction within the city limits was, just as that of the magistrates theretofore had been, to-wit: exclusive.

The jurisdiction of the magistrates is fixed by the provisions of Article V, Sec. 21 of the Constitution, and statutes of the General Assembly enacted pursuant to, and within the limitations of, said section of the Constitution. Pertinent sections of the Code are 43-63 and 43-68. The jurisdiction of the magistrates having thus been fixed, have the magistrates here involved been divested of such within the corporate limits of the City of North Charleston as contended by the appellant?

We quote the following from 22 C. J. S. 310 Criminal Law, § 113:

"Jurisdiction in criminal cases cannot be enlarged by any mere inferences from the law or by doubtful construction of its terms. It is fundamental that a jurisdiction, especially one long founded, is not to be annulled by mere inference or implication or on dubious grounds, and statutes claimed to be in derogation of it must have strict construction."

We also quote from 22 C. J. S. 315 Criminal Law, § 119, as follows:

"Where a court has jurisdiction of a crime, a statute simply conferring the same jurisdiction on another court does not deprive the former of its jurisdiction, in the absence of an express provision or clear implication to that effect, but merely confers concurrent jurisdiction."

In the case of *State v. Padgett,* 18 S. C. 317, a defendant contended, *inter alia,* that under the particular circumstances of the case the trial justice had exclusive jurisdiction of the offense with which he was charged and that the Court of General Sessions had no jurisdiction. Sec. 18 of Article IV of the Constitution of 1868, then in force, provided that the Court of General Sessions should have exclusive jurisdiction over all criminal cases "which shall not be otherwise provided for by law". In disposing of the contention of the defendant, this Court held:

"If the jurisdiction is otherwise provided for, the exclusive jurisdiction of the Court of General Sessions is taken away, but not its jurisdiction. That remains and is concurrent with that of the other tribunal, unless to the inferior jurisdiction exclusive jurisdiction is given, or unless to the superior tribunal all jurisdiction should be *in totidem verbis* denied. 'A statute which simply confers jurisdiction of a crime on an inferior court generally, and not exclusively, cannot be considered to deprive the Court of General Sessions of its jurisdiction, but the jurisdiction remains concurrent with that of the Superior Court.' *State v. Williams,* 13 S. C. 546, 548."

The General Assembly has granted to certain courts exclusive jurisdiction. We call particular attention to Section 15-1581.1 of the Code, as amended, which gives original and exclusive jurisdiction to the Municipal Court of the City of Charleston of all offenses committed within the corporate limits of said city which may be subject to penalties of fines or forfeitures not exceeding $200.00 or imprisonment not exceeding thirty days, "and of all offenses which are now or may hereafter be within the jurisdiction of magistrates or recorders;" whether such offenses are in violation of a city ordinance, state statute or the common law.

It follows that had the General Assembly intended to confer exclusive jurisdiction upon municipal courts established pursuant to Section 15-1002, *et seq.* of the Code, it could have done so by the use of language of similar import to that contained in Section 15-1581.1 of the Code, as amended.

We find nothing in any of the statutory language relied upon which either expressly or by clear or necessary implication evinces any intent on the part of the General Assembly to confer exclusive jurisdiction upon the Municipal Court of the City of North Charleston as contended by the appellant. The County Court held, *inter alia,* that said Municipal Court had concurrent jurisdiction with the magistrates and from this holding there was no appeal. We accordingly refrain from any comment thereabout save that such is now the law of the case. It follows that the County of Charleston is entitled to all of the fines collected by the City of North Charleston in cases tried in its Municipal Court pursuant to the order of the lower court dated August 23, 1972.

The exception of the appellant is without merit and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.

Littlejohn, Justice (concurring):

I concur in the opinion of Mr. Chief Justice Moss and agree that the trial judge correctly held that the Municipal Court of the City of North Charleston did not have exclusive jurisdiction over all violations of the criminal laws of the State occurring within the corporate limits. In my view, the city recorder's concurrent jurisdiction was limited to those offenses created by city ordinances.

I do not understand the majority opinion to hold that a recorder's court, created under the terms of § 15-1002, *et seq.* of the Code of Laws of South Carolina for 1962, as amended, is authorized to try violations of state statutes and of the common law, when such offenses are not also prohibited by ordinance. The case of *Town of Conway v. Lee,* 209 S. C. 11, 38 S. E. (2d) 914 (1946), is of interest.